IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Patricia A. Gabona, | ) | C/A No. 9:10-1445-JFA |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Patricia A. Gabona, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

## PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows. The plaintiff alleges disability as of August 1, 2006 (amended to

December 1, 2006), due to arthritis and a slipped disc in her back. The plaintiff was 51 years old at the time she alleges she became disabled. She has a high school equivalent education and past relevant work experience as a stocker, twister operator, printing company collator, and plastics molding machine operator.

The plaintiff's applications for DIB and SSI, filed November 13, 2007, were denied initially and upon reconsideration. The ALJ held a hearing at which the plaintiff, her counsel, and a Vocational Expert (VE) were present and testified. The ALJ issued a decision on February 12, 2010, finding that the plaintiff was not disabled. The Appeals Council denied plaintiff's request for a review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on June 4, 2010, seeking judicial review of the Commissioner's final decision.

*The ALJ's Findings*

Applying the five step sequential evaluation mandated by the Commissioner's regulations for determining disability, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since December 1, 2006, the alleged onset date. At step two, the ALJ found plaintiff had back pain and hypertension, impairments that were "severe" within the meaning of the Commissioner's regulations. At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled an impairment listed at 20 C.F.R. pt. 404, subpt. P, app.1. The ALJ found plaintiff's subjective complaints regarding the severity of her symptoms were not wholly credible and found plaintiff retained the residual functional capacity (RFC) for light work that did not require her to climb ladders, ropes, or scaffolds

4

or more than occasionally balance, stoop, kneel, crouch, crawl, or climb ramps/stairs. At step four, relying on vocational expert testimony, the ALJ found that the plaintiff could perform her past relevant work as a twister operator, printing company collator, and plastics molding operator. Thus, the ALJ found the plaintiff was not disabled.

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by:

(1)    improperly evaluating the opinion of the plaintiff's treating and examining physicians;

(2)    improperly evaluating the plaintiff's residual functional capacity or RFC; and

(3)    improperly evaluating the plaintiff's credibility regarding her subjective complaints.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge finds that the Commissioner's decision is based upon substantial evidence and free of legal error and that the decision should be affirmed. For the reasons stated below, the court adopts the Magistrate Judge's recommendation and affirms the Commissioner's decision.

DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*Treating Physician's Opinion*

As the Magistrate Judge notes in his Report, the ALJ assigned little weight to the plaintiff's treating physician's statements of plaintiff's limitations. The ALJ found that the treating physician's opinion was inconsistent with his own treatment notes, the diagnostic and objective findings, and the other substantial evidence in the case record. Additionally, the ALJ found that the state agency physician's reports clearly reflected that plaintiff was capable of work activity.

*RFC and Credibility*

The ALJ also concluded that the plaintiff retained the RFC to perform light work, with exceptions. The Magistrate Judge opines that the ALJ's assessment on plaintiff's credibility satisfied the requirements of the Social Security Regulations and that his findings based on the entire record (normal posture, infrequent treatment, lack of physical findings, routine/conservative nature of care, no physical therapy or pain management, refusal to undergo surgical intervention, and daily activities) were properly analyzed.

The plaintiff objects to the Magistrate Judge's Report and concedes that the objections essentially repeat the same arguments raised in the plaintiff's brief.

This court agrees with the Magistrate Judge that the ALJ's decision in all areas was based on substantial evidence and without error.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported

by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

September 9, 2011                         Joseph F. Anderson, Jr.
Columbia, South Carolina                  United States District Judge